WILLIAM SAVIDGE, TRUSTEE UNDER THE WILL
AND OF THE ESTATE OF MANUEL ANTONIO
BARETE, DECEASED, AGNES SOARES AND
MANUEL SOARES, HER HUSBAND, FRANCISCA
GUERRERO AND BEN GUERRERO, HER HUS-
BAND, EMELIA BARETE, THEOFF BARETE, A
MINOR, BY FRANCISCA GUERRERO, GUARD-
IAN OF HIS PERSON AND PROPERTY, LUTELLO
BARETE, A MINOR, BY FRANCISCA GUERRERO,
GUARDIAN OF HIS PERSON AND PROPERTY,
MANOEL BARETE, A MINOR, BY MARIA
BARETE, GUARDIAN OF HIS PERSON AND
PROPERTY, AND JOSE BARETE, A MINOR, BY
J. D. McVEIGH, GUARDIAN OF HIS PERSON
AND PROPERTY, v. RICHARD ANTONE (OTHER-
WISE KNOWN AS ANTONIO RICHARD AND AS
ANTONE RICHARD) AND A. J. LOPEZ.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 20, 1909.            DECIDED JANUARY 27, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EXECUTORS AND ADMINISTRATORS—*liability for disposition of personalty.*
     A bill originally charging conspiracy and fraud and now sought
     to be maintained against an executor for wrongfully disposing of
     a leasehold of the estate is properly dismissed upon the finding of
     the trial judge, warranted by the evidence, that the executor
     received consideration and was acting in what he believed the
     best interests of the estate.

OPINION OF THE COURT BY BALLOU, J.

The plaintiffs, being the heirs and trustee under the will of
Manuel A. Barete, deceased, brought a bill in equity against
the two defendants, alleging that Richard Antone while executor
of the will of said Barete had neglected to inventory a leasehold
owned during Barete's lifetime by Barete and Antone as tenants

in common; that Antone as executor had assigned the estate's half interest in the leasehold to the defendant Lopez, the consideration named in the instrument being "value received," and that nine months after this assignment Lopez and Antone assigned the leasehold to Henry Holmes for $2000. The bill charges that the whole transaction was a conspiracy between Antone and Lopez, the assignment being a mere formal transaction and the purported consideration wholly fictitious, and that Antone received the entire profit of the assignment. The bill prayed that the defendants be declared trustees in respect to the estate's share of the moneys realized from said assignment and be ordered to account therefor.

Defendants answered averring the bona fides of the transaction and the case went to trial. At the close of the plaintiffs' testimony plaintiffs voluntarily discontinued as to Lopez, their counsel stating that they had failed to establish the allegation as to his connivance and collusion. The bill is now sought to be maintained against Antone upon the theory that he gave away a leasehold belonging to the estate which was actually worth $1000.

Without considering the question whether upon this theory of the case the bill presents any grounds for equitable relief we will consider the merits of the case as shown by the evidence. The transaction on its face has a number of points which would naturally excite suspicion. The circuit judge, however, was satisfied from the evidence that the leasehold was in fact worthless; that Antone, believing it to be a positive detriment, made repeated endeavors to persuade the lessor to cancel the lease; that Lopez gave consideration for the assignment by agreeing to pay and paying the rent due from the estate which was in arrears to the amount of $300 as well as by assuming liability for future rent. The judge further found that Lopez was unable to make the land profitable; that W. W. Ahana, the principal party in interest in the subsequent purchase, paid an in-

flated price under the influence of a land boom and a mistake as to the extent of the boundaries, and that Ahana, after letting the land lie idle for several years, induced the lessor to cancel the lease by paying three years' rental in advance, coming out of the transaction about $4000 loser. Since that time it appears that the land has been unused for any purpose.

Upon a review of the whole testimony we are of the opinion that the findings of the circuit judge were warranted by the weight of the evidence, and while the executor is open to criticism for not including the leasehold in his inventory, we must concur in the conclusion that in assigning the half interest in the leasehold to Lopez for the consideration agreed upon he was acting in what he believed the best interests of the estate.

The decree appealed from is affirmed.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for plaintiffs.

*J. A. Magoon* for defendant.